UNITED STATES DISTRICT COURT
For the Middle District of North Carolina

| | |
|---|---|
| Deric Lostutter<br>Plaintiff<br><br>V.<br><br>Thomas Olsen, Alexandria Goddard, Michelle McKee<br>Defendants | Case No.: 16CV1098<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO QUASH |

## OBJECTION TO MOTION TO QUASH

PLAINTIFF, APPEARING PRO SE, Hereby objects to the Defendant's motion to Quash Plaintiff's subpoenas (attached to Defendant's motion to Quash as Exhibits A, B, C, and D).

### ARGUMENT

1) PLAINTIFF shows the court that all information sought by subpoena is relevant or potentially relevant evidence for the Plaintiff's case against the defendants, including the identity or identities of post authors, whois website registration information, and Internet Protocol subscriber information (I.P. Address).

2) Defendant's Motion to quash cites Rule 45(c)(5) which directs the movant's or issuer's attention to subdivision (3) of the local Rule 45.

Subdivision (3) of Local Rule 45 clearly states that the following criteria must be met in order to quash a subpoena:

A) The subpoena fails to allow reasonable time for compliance.

B) The subpoena requires disclosure of privileged or protected information and no exception or waiver applies to the privilege or protection.

C) The subpoena subjects a person to undue burden or expense.

D) The subpoena is otherwise unreasonable or oppressive.

E) The subpoena is procedurally defective.

3) Plaintiff shows the court that the subpoenas opposed by the defendants allow reasonable time for compliance to produce the requested records, and allows time for response from the Defendants.

4) Plaintiff shows the court that the information requested in the subpoenas is not bound by confidentiality or protected by any sort of attorney-client privilege.

5) Plaintiff shows the court that the defendants bear no expense or burden for the companies subpoenad to produce the requested information.

6) Plaintiff shows the court that the information that may be gained from the issued subpoenas is relevant or potentially relevant to this matter and the plaintiff's ability to prove his case, therefore, the subpoenas are not unreasonable or oppressive.

7) Plaintiff shows the court that the subpoenas were, in fact, issued by the Honorable Federal District Court, signed by the issuing clerk in compliance with Federal Rule 45, therefore, the subpoenas are not procedurally defective.

8) Jurisdiction is currently being objected to by the defendants, however, the Plaintiff clearly stated cause for jurisdiction over the Defendants based on diversity of citizenship and the injuries to the plaintiff occured within the Middle District of ~~DSC~~ North Carolina, therefore, Jurisdiction is proper pursuant N.C.G.S.A. § 1-75.4(3) and N.C.G.S.A. ~~DSC~~ 1-75.4(4)(a). Furthermore, though objected to, this Honorable Court has not ruled against the plaintiff regarding jurisdiction, therefore, trial and discovery process may proceed as jurisdiction would be assumed proper until otherwise ruled upon.

9) Defendants have a history of impeding the Plaintiff's ability to seek discovery and litigate this matter.

   A) Defendants filed a motion to dismiss this matter, intended to be understood as a reply to the Plaintiff's complaint close to the expiration of the already extended time line for response to the Plaintiff's complaint.

   B) In the Defendant's untimely supplemental brief filed in support of their motion to dismiss, Defendants expressly stated that no response was given to the Court by the defendants regarding the Plaintiff's complaint as ordered by the Court, thus, the motion to dismiss, by Defendants own admission, did not serve as the ordered reply, showing disregard for the Court and the rights of the Plaintiff, and only serving to delay or stay any proceedings, unethically.

10) All Defendants have been served and continue to litigate this matter after the Defendants expressed their objection to jurisdiction, showing the court that they only seek to hinder the Plaintiff's right and ability to litigate this matter in the same manner.

11) Since the court has not ruled against the plaintiff on the matter of jurisdiction, and litigation has proceeded by the defendants as if they submitted to this court's jurisdiction, the subpoenas issued by this court, both past and henceforth, are valid and of legal standing and must be treated as valid.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court deny the Defendant's motion to Quash and Plaintiff respectfully requests an order from the court compelling compliance from the companies subpoenaed by the plaintiff.

This the 21st Day of December 2016

Respectfully submitted
Deric James Lostutter
Plaintiff

2732 Darrow rd
Walkertown NC 27051
(336) 829-8539
LostutterDwork@gmail.com

# Certificate of Service

I, Deric Lostutter, hereby, on this day, served all parties to this action with a true and correct copy of the foregoing response to motion to Quash, by inserting said copy in a stamped post-paid envelope, mailing it to the defendant's attorney addressed as follows:

R. Daniel Gibson
140 E. Water St.
Statesville NC 27677

This the 21st Day of December, 2016

Respectfully Submitted
Deric Lostutter
Plaintiff

*[signature]*

2732 Darrow rd
Walkertown NC 27051
(336) 829-8539
LostutterDwork@gmail.com

# UNITED STATES DISTRICT COURT
## For the
## Middle District of North Carolina

Deric James Lostutter
    Plaintiff

v.

Thomas Olsen, Alexandria
Goddard, Michelle McKee
    Defendants

Case No.: 16 CV 1098

ORDER

## ORDER

This cause was heard by the undersigned Judge on Defendant's motion to Quash pursuant to Rule 45 of the Rules of Civil Procedure. It appearing to the court that:

1) Plaintiff properly served the "nameCheap" subpoena on December 11, 2016

2) Plaintiff properly served the "Twitter" subpoena on December 13, 2016

3) Plaintiff properly served 2 (two) "At+t" subpoenas on December 13, 2016

4) Though Defendant's motion to Quash is timely,

the court has not yet ruled upon the Defendant's motion to dismiss or otherwise found that the plaintiff lacks Jurisdiction over the Defendants.

5) The Plaintiff is entitled to seek discovery and file motions pre-trial, while the Defendant's motion to dismiss is pending, to which the Defendants are required to respond.

6) The Subpoenas issued bear no undue burden or expense on the Defendants and fail to meet the requirements to force this Court to Quash the Subpoenas pursuant to rule 45(C)(5) and rule 45(C)(3).

7) The Plaintiff, having expressed being injured by the defendants in the Middle district of North Carolina, has grounds for personal jurisdiction pursuant to N.C.G.S.A. § 1-75.4(3) and § 1-75.4(4)(a)

8) Because the subpoenas ask for information potentially relevant to the plaintiff's matter, the subpoenas are valid and hold legal authority.

IT IS THEREFORE ORDERED, pursuant to Rule 45 of the Rules of Civil Procedure, that the Subpoenas issued by the Plaintiff are valid and Namecheap, inc.; Twitter Inc., and AT&T Inc., SHALL RESPOND AND COMPLY with the Subpoenas issued by the Plaintiff.

IT IS SO ORDERED, this the ____ day of December 2016.

_____  or  _____
Magistrate Joi Elizabeth Peake         Hon. Thomas D. Schroeder
U.S. Magistrate Judge                  U.S. District Court Judge