IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERIC JAMES LOSTUTTER,           )
                                 )
        Plaintiff,                )
                                 )
    v.                            )    Case No. 1:16CV1098
                                 )
ANDREA GODDARD,                   )
                                 )
        Defendant,                )

ORDER

This matter is before the Court on multiple pre-trial motions. Both Parties in this case are proceeding *pro se*, and the Court previously addressed multiple motions in this case in an Order dated April 18, 2018. Plaintiff has now filed another motion requesting a subpoena for documents from Defendant Andrea Goddard. However, as noted in the prior Order, documents from a party should be requested under Federal Rule of Civil Procedure 34, not a subpoena. Plaintiff has also filed motions requesting subpoenas to obtain information from AT&T and from a company that Plaintiff describes as a web masking site. However, having considered the basis for the requests presented by Plaintiff, the Court finds that these requests are speculative and are not likely to lead to admissible evidence as to the claims against Defendant Goddard. Moreover, the requests are not proportional to the needs of this case. Therefore, the requests for subpoenas [Doc. #130, #137, #139] will be denied.

Plaintiff has requested an extension of the discovery period, but the Court notes that discovery has already been extended in this case, and the Court does not find a need for additional time for discovery. Therefore, that request will be denied, and discovery ends July 15, 2018. To the extent Plaintiff contends that Defendant has failed to respond to previously-served discovery, the Court can consider that contention if Plaintiff files a proper Motion to Compel in compliance with the Local

Rules. Plaintiff has filed a Motion for Reconsideration [Doc. #135] regarding his prior motion to compel related to his requests for production, but it is still not clear exactly what discovery was served and what Defendant did or did not provide in response. Therefore, the Motion for Reconsideration [Doc. #135] will be denied, without prejudice to Plaintiff filing a new Motion to Compel specifically as to the Requests for Production, attaching a copy of the discovery requests at issue and Defendant's response, and specifically setting out how those responses were deficient. In addition, as noted in the Court's prior Order, many of the requests may be overly broad and unduly burdensome. Therefore, Plaintiff should narrow the requests on which he intends to proceed, and any Motion to Compel should address only those specific requests that Plaintiff seeks to pursue. If Plaintiff fails to narrow the requests and fails to address each request specifically, the Court may summarily deny any motion to compel on that basis.

Plaintiff has also filed a Motion to Amend seeking to amend the Complaint to add Thomas Olsen as a Defendant and attempt to serve him. However, Thomas Olsen was previously a defendant in this case but was not served within the time allowed under Rule 4 and was dismissed without prejudice. The case proceeded as to Defendant Goddard, discovery has almost ended, and the matter is ready to be set for trial. The information set out in the Motion to Amend would not support the conclusion that Plaintiff would be able to find and serve Olsen, and would not warrant a delay in this case against Defendant Goddard. Therefore, the Motion to Amend [Doc. #133] will be denied, without prejudice to Plaintiff filing a separate suit against Olsen. If such a suit is filed and discovery proceeds in that case, the Court can consider at that time whether it would be appropriate to consolidate the matters for trial.

Plaintiff also filed a Motion for Extension of Time to Reply [Doc. #141] as to his Motion for Temporary Restraining Order. However, Defendant did not file a Response, so no Reply is appropriate. Therefore, the Motion for Extension of Time will be denied.

With respect to the Motion for Temporary Restraining Order itself, the Court notes that the Motion seeks to enjoin third parties in addition to Defendant, and Plaintiff has not sufficiently addressed the appropriateness of such a request as to these third parties not before the Court. Moreover, even as to Defendant, the Motion would require a hearing and evidentiary determinations. Such an effort would be largely duplicative of any trial in this case. Finally, the Court notes that the District Judge previously denied Plaintiff's request for a Preliminary Injunction in this case. In the circumstances, and given the *pro se* status of both parties and the nature of the requested injunction and the hearing required, the Court concludes that the Motion for Temporary Restraining Order should be combined with any trial in this case pursuant to Federal Rule of Civil Procedure 65(a). The Clerk's Office will be directed to set the case for trial, and the Motion for Temporary Restraining Order will be considered at trial. The related Motion for Ruling is moot.

IT IS THEREFORE ORDERED that Plaintiff's Requests for Subpoenas [Doc. #130, #137, #139] are DENIED, Plaintiff's Motion for Extension of Discovery [Doc. #132] is DENIED, Plaintiff's Motion to Amend Complaint [Doc. #133] is DENIED without prejudice to Plaintiff filing a separate suit against Thomas Olsen, Plaintiff's Motion for Reconsideration [Doc. #135] is DENIED, Plaintiff's Motion for Extension of Time [Doc. #141] is DENIED, Plaintiff's Motion for Temporary Restraining Order [Doc. #91] is STAYED for consideration at trial and may be administratively terminated as a separate motion, Plaintiff's Motion for Ruling [Doc. #92] is MOOT, and the Clerk is directed to set this case for trial based on the July 15, 2018 close of discovery.

This, the 11th day of May, 2018.

                                            /s/ Joi Elizabeth Peake
                                            United States Magistrate Judge