Deric Lostutter
4703 Pennoak Lane
Unit B
Greensboro, N.C. 27407
LostutterDWork@Gmail.com

UNITED STATES DISTRICT COURT

FOR THE

MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DERIC LOSTUTTER,<br><br>    Plaintiff,<br><br>vs.<br><br>ALEXANDRIA GODDARD,<br><br>    Defendant | Case No.: 16cv1098<br><br>SETTLEMENT AGREEMENT AND RELEASE |

This Settlement Agreement and Release (hereafter, "Settlement Agreement") is entered into and by Plaintiff pro se, Deric Lostutter and Defendant pro se, Alexandria Goddard, on behalf of themselves in the action entitled: *Deric Lostutter v. Alexandria Goddard*, No. 1:16-cv-01098-TDS-JEP, in the United States District Court for the Middle District of North Carolina (hereafter, "Federal Action"). Plaintiff and Defendant are collectively referred to hereafter as the "Parties".

**WHEREAS:**

    A. Plaintiff brought this Federal Action against Defendant September 02, 2016, alleging, among other Counts, Libel Per Se and Libel Per Quod, and since moving to add various counts stemming from the same Federal Action, in relation to posts on social media, the website, DericLostutter.org, and the website, Prinniefied.com.

1

B. Defendant has denied, and continues to deny, that she has engaged in any of the wrongful or unlawful or illegal acts alleged in the Complaint and subsequent filings within this Federal Action.

C. The Parties have engaged in good-faith discussions regarding the possibility of settling this Federal Action, and on July 4, 2018, reached an amicable agreement concerning the proposed settlement of this Federal Action as set forth below.

D. The Parties, having made a thorough investigation of the facts, believe that the proposed settlement is fair, reasonable and adequate and in the best interests of the Parties.

**NOW, THEREFORE**, the Parties agree to compromise and settle this Federal Action using the following definitions, for the following consideration, and pursuant to the following settlement procedures and terms.

1) **DEFINITIONS**
   a) "Effective Date" means the first date after which all of the following events and conditions have been met or have occurred:
      1. All Parties have finalized and executed this Settlement Agreement;
      2. All conditions within the Settlement Agreement have been met and fulfilled by both parties;
      3. The District Court has commenced settlement proceedings;
      4. The District Court has approved the Settlement Agreement ;
      5. The District Court has entered a Judgement and Order of dismissal, finalizing the approval of the Settlement Agreement, and dismissing

2

with prejudice all claims by the Plaintiff that were asserted in the Federal Action;

6. The Judgement and Order of dismissal has become "Final", as defined herein;

b) "Final" means the latest of:

1. The execution of this Settlement Agreement;

2. The District Court's approval of the Settlement Agreement

3. The date that the domain, http://www.DericLostutter.org was acquired by the Plaintiff, placing said domain in possession of Plaintiff.

4. The deadline for removal of "online" internet content subject to the Settlement Agreement;

5. The District Court's entry and docketing of a Judgement and Order of dismissal, finalizing the approval of the Settlement Agreement, and dismissing with prejudice all claims by the Plaintiff that were asserted in the Federal Action;

c) "Removal" means:

1. The deletion of any and all "online" internet content subject to the terms of the Settlement Agreement;

2. The removal of any and all "online" internet content subject to the terms of the Settlement Agreement;

3. The destruction of any and all "online" internet content subject to the terms of the Settlement Agreement;

3

4. The purging of any and all "online" internet content subject to the terms of the Settlement Agreement;

5. The clearing of any caches related to the same content subject to the terms of the Settlement Agreement;

6. The wiping of any and all "online" internet content subject to the terms of the Settlement Agreement;

d) "Personally Identifiable Information" ("PII") means:

1. Data that identifies or locates a particular person;

2. Data that consists primarily of a name, nickname, moniker, alias, or other insinuation or innuendo referring to a particular person;

3. Data as defined by subsections (1) and (2) of this section that identifies or locates a particular business or business(es);

e) "Domain" means:

1. A website belonging to or under the control of a party subject to the terms of this Settlement Agreement;

f) "Social Media Account" means:

1. Accounts belonging to or under the control of a party subject to the terms of this Settlement Agreement including but not limited to accounts hosted on the social media networks, "Twitter", "Facebook", "YouTube", "Instagram", etc.;

g) "Post", "Posts", "Postings", and "Articles" mean:

1. "Online" internet content authored or created by any party subject to the terms of this Settlement Agreement;

4

h) "Released Claims" means:

    1. any and all claims, rights (including rights to reimbursement or restitution), demands, actions, causes of action, suits, matters, issues, damages, attorney's fees, sanctions, obligations, costs, expenses, losses (whether known or unknown), which are alleged or which could or might have been alleged in this Federal Action, including claims arising out of or otherwise directly related to the allegations, factual assertions, events, acts, occurrences, transactions, representations, statements, omissions, or any other matter, embraced by, involved or set forth in, or otherwise related to, this Federal Action;

i) "Released Parties" means:

    1. Defendant, Alexandria Goddard;

## 2) DENIAL OF LIABILITY

Defendant maintains that she has consistently acted in accordance with governing laws at all times and denies that she has committed any violations of law or engaged in any wrongful acts alleged in the Complaint filed in this Federal Action.

## 3) CONSIDERATION

In full and complete settlement of all of the claims in this Federal Action, including those claims pending consideration of the Court, the Parties agree that:

a) **Removal and Retraction**

    i) As of the execution of this Settlement Agreement, Defendant agrees to remove, as defined herein, any and all posts and other "online" content, as defined herein and hosted on domains or social media profiles that the Defendant hosts, controls, or has

5

administrative or otherwise "privilege" to author content to, that references, mentions, refers to, or insinuates that the posts relate to:

(1) Plaintiff, Deric Lostutter, also known as DJ, Shadow, KYAnonymous, KYAnon, Shadowrapz or any other nickname, moniker, or alias ascribed by Defendant or any third-party that would reasonably be led to identify the same;

(2) Plaintiff's spouse, Jennifer Lostutter, also known as Jennifer Sanders, Jenny Lostutter, Jenny Sanders, etc., or any other nickname, moniker, or alias ascribed by Defendant or any third-party that would reasonably be led to identify the same.

(3) Plaintiff's deceased daughter, Jade Lostutter or any other nickname, moniker, or alias ascribed by Defendant or any third-party that would reasonably be led to identify the same;

(4) Plaintiff's living minor daughter, F.L. or any other nickname, moniker, or alias ascribed by Defendant or any third-party that would reasonably be led to identify the same;

(5) Plaintiff's spouse's minor son, J.B. or any other nickname, moniker, or alias ascribed by Defendant or any third-party that would reasonably be led to identify the same;

(6) Plaintiff's business and/or business ventures, including but not limited to OpSec CyberSecurity Solutions, LLC, or any other nickname, moniker, or alias ascribed by Defendant or any third-party that would reasonably be led to identify the same;

(7) Plaintiff's donations;

(8) Plaintiff's legal matters;

6

Case 1:16-cv-01098-TDS-JEP   Document 169-1   Filed 07/30/18   Page 6 of 15

(9) Plaintiff's clients (past and/or present) or any other nickname, moniker, or alias ascribed by Defendant or any third-party that would reasonably be led to identify the same;

(10) Plaintiff's business associates (past and/or present) or any other nickname, moniker, or alias ascribed by Defendant or any third-party that would reasonably be led to identify the same;

(11) And any and all other posts or "online" content regarding the Plaintiff not defined herein.

ii) Defendant agrees to notify Plaintiff of the finalization of removal of said content immediately upon said content's removal.

iii) Defendant agrees that this content also encompasses any altered or original photographs, images, drawings, or otherwise images depicting the parties described within this section (a), and agrees to remove the same.

iv) Defendant agrees to diligently research her domains and social media profiles for this content and to secure its immediate removal.

v) Defendant further agrees that if any content is found by the Plaintiff and/or any third-party as defined within this section (a), Defendant agrees to promptly and immediately remove said content upon notification.

vi) Defendant agrees that failure to adhere to any subsection of section (a) constitutes a breach of this Settlement Agreement, and waives any objection to Plaintiff seeking enforcement of this Settlement Agreement in this Court, which may include and not be limited to Plaintiff filing additional actions seeking damages in this Court related to any breach of this Settlement Agreement.

b) **PURGING**

   i) Defendant agrees to purge all caches related to removal of content subject to the terms of this Settlement Agreement immediately upon removal of said content, to include but not be limited to Google Cache files for said content.

   ii) Defendant agrees to repeat this process as necessary to finalize the removal of all search engine content related to the posts described in section (a), upon request of Plaintiff and/or upon her own accord.

c) **DESTRUCTION**

   i) Defendant agrees to destroy any Electronically Stored Information in her control, as well as any tangible physical documents that relate to the Plaintiff and parties described in section (a) that were used and/or were anticipated to be used to post or author posts as described in section (s) upon execution of this Settlement Agreement.

   ii) Defendant agrees to destroy the same if after destruction, Defendant discovers any additional Electronically Stored Information and/or tangible physical documents as described in subsection (1) of this subsection.

d) **NOTIFICATION**

   i) Defendant agrees to notify both this Court as well as the Plaintiff upon completion of removal of all content described in section (a) and upon the first initial purge as described in subsection (i) of any cache files, as well as notify this Court and the Plaintiff upon completion of destruction as described in subsection (ii) via a notarized statement containing language that Defendant complied with the sections aforementioned, including the date that each task was completed.

8

ii) Notification notarized by the Defendant will be taken as fact that the aforementioned tasks have been completed in good faith and Defendant has diligently investigated her internet and "online" accounts to ensure that these tasks do not require supplementation or repetition.

e) **DERICLOSTUTTER.ORG AND ITS SUBDOMAINS – CONTINGENCY**

   i) Defendant agrees that final dismissal of this Federal Action is also contingent on Plaintiff, Deric Lostutter, obtaining possession of DericLostutter.org and any subdomains ascribed thereto and agrees this Federal Action will not be dismissed until Plaintiff successfully acquires and/or obtains possession of the domain, DericLostutter.org;

   ii) Defendant does not admit, and expressly denies any involvement with DericLostutter.org and/or its subdomains;

   iii) Defendant does not admit, and expressly denies that she has possession of, control of, or otherwise the ability to transfer possession of or control of DericLostutter.org and its subdomains to Plaintiff, but has, as a third-party, informed Plaintiff that DericLostutter.org was deleted from the internet and that DericLostutter.org is either available for purchase by Plaintiff from the internet domain database or being released from its former registrar to be available for purchase by Plaintiff;

   iv) Plaintiff has placed a backorder on DericLostutter.org with his web-hosting provider to acquire DericLostutter.org as soon as the domain is released by the internet domain database and will notify both this Court and Defendant upon successful acquisition of DericLostutter.org.

f) **FUTURE ACTS - CONTINGENCY**

   i) Defendant agrees that she will abstain from and/or otherwise refrain from posting about the parties described in section (a) of this Settlement Agreement, indefinitely, and if Defendant violates this section, Defendant agrees that Plaintiff may seek enforcement of this Settlement Agreement through motion of the Court and additional damages. Defendant agrees that dismissal of this Federal Action does not bar Plaintiff from seeking relief as described herein for a violation of this section of the Settlement Agreement.

g) **PUBLIC INFORMATION CAMPAIGN**

   i) The Parties agree that if approached by media regarding the Steubenville Rape Case, the Parties will work in concert to combat rape-culture in America, working together in good faith, to create a better, safer world for those that will inherit it.

   ii) The Parties agree that at no time will either Plaintiff or Defendant downplay or minimize the other's role in their activism related to the Steubenville Rape Case, and instead focus on the proper subject-matter: Justice for rape victims.

h) **ATTORNEY'S FEES AND COSTS**

   i) The Parties agree that they are responsible for and hereby absorb their own costs associated with this Federal Action. Neither Plaintiff nor Defendant will be responsible for payment of each other's fees and costs associated with litigating this Federal Action.

   ii) The Parties hereby agree that, unless this Settlement Agreement is violated, the Parties waive their right to seek compensation for legal fees and/or attorney's fees from the opposing party upon execution of this Settlement Agreement.

10

4) **RELEASES**

   a) Upon the Effective Date, Plaintiff pro se, Deric Lostutter, shall be deemed to have, and by operation of the Final Judgement and Order of Dismissal in the Federal Action, shall have fully, finally, and forever irrevocably released, relinquished and discharged with prejudiced all Released Claims against the Released Parties.

   b) Upon the Effective Date, Plaintiff pro se, Deric Lostutter, represent and acknowledge that he fully understands that if any fact relating to any matter covered by this Settlement Agreement is found hereafter to be other than or different from the facts now believed by him to be true, he expressly accepts and assumes the risk of such possible other facts or differences in fact and agrees that, notwithstanding a violation of this Settlement Agreement, this Settlement Agreement shall nevertheless remain in effect, and notwithstanding a violation of this Settlement Agreement, that Plaintiff expressly waives all rights and benefits afforded to him by North Carolina and Federal Statutes governing recovery of damages and settlements and general release.

   c) Plaintiff, upon the Effective Date and notwithstanding a violation of this Settlement Agreement, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal in this Federal Action shall have, waived any and all provisions, rights and benefits conferred by North Carolina General Statutes, or any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to the North Carolina General Statutes and Federal Statutes and Tort Laws governing the claims in this Federal Action.

   d) Upon the Effective Date and notwithstanding a violation of this Settlement Agreement, Defendant shall be deemed to have, and by operation of the Judgement shall have, fully,

11

finally and forever released, relinquished, and discharged the Plaintiff from all claims arising out of the institution, prosecution, assertion, or resolution of this Federal Action.

5) **SETTLEMENT PROCEDURES AND TERMS**

   a) **Federal Action**

   i) Upon execution of this Settlement Agreement and fulfillment of the duties outlined herein, Plaintiff will promptly request, and Defendant will stipulate to:

   (1) Dismissal with prejudice of this Federal Action.

   ii) Upon execution of this Settlement Agreement, the Parties will jointly seek the following from the United States District Court for the Middle District of North Carolina:

   (1) An order, similar in form to Exhibit 1 attached hereto, granting preliminary approval of the Settlement Agreement and setting a fairness hearing on the proposed settlement;

   (2) Entry of a Final Judgment and Order of Dismissal, similar in form to Exhibit 2 attached hereto, providing:

   (a) The final approval of the Settlement Agreement, dismissal with prejudice of the federal Action, and release of the Released Parties from the Released Claims; and

   (b) That the Parties will be bound by the Final Judgment and Order of Dismissal.

6) **ADDITIONAL TERMS**

   a) **Stay of the Case**

   i) The Parties agree that all proceedings in this Federal Action, except as necessary to consummate the settlement for which this Settlement Agreement provides, will be

12

stayed, unless otherwise ordered by a court. To the extent necessary, the Parties shall file a stipulation and proposed order regarding such stays of the Federal Action. For good cause shown, any party may seek relief from that stay.

b) **Consummation of Settlement**

   i) Should this Settlement Agreement not receive final Court approval for any reason, or if this Settlement Agreement is canceled or terminated or is overturned on appeal, or does not become Final as a result of further proceedings on remand, or is successfully collaterally attacked, this Settlement Agreement shall be null and void and of no force and effect, and nothing herein shall be deemed to prejudice the position of any of the Parties with respect to this Federal Action or otherwise, and neither the existence of this Settlement Agreement nor its contents shall be admissible in evidence, referred to for any purpose in this Federal Action or in any other litigation or proceeding, or be deemed a presumption, concession or admission by Defendant of any fault, liability or wrongdoing.

c) **Protective Orders**

   i) The Parties agree that all confidential information will be treated in accordance with the Protective Orders entered in this Federal Action.

d) **Miscellaneous Terms**

   i) This Settlement Agreement may be modified or amended, or any of its conditions may be waived, only by a writing signed by a Party to this Federal Action, or by counsel for the Parties to this Federal Action.

ii) This Settlement Agreement shall be binding upon and shall inure to the benefit of the parties to this Federal Action and their respective agents, successors, executors, heirs and assigns.

Dated this 5th day of July, 2018.

_____
Deric Lostutter
Plaintiff, Pro Se
4703 Pennoak Lane
Unit B
Greensboro, N.C. 27407
LostutterDWork@Gmail.com

Dated this 10th day of July, 2018.

_____
Alexandria Goddard
Defendant, Pro Se
6674 Birchton Street
Dublin, Ohio 43017
AlexandriaGoddard@Gmail.com

14

# CERTIFICATE OF SERVICE

I, Deric Lostutter, hereby swear under penalty of perjury that on the undersigned date I deposited a true and accurate copy of the foregoing PROPOSED SETTLEMENT AGREEMENT in a post-paid envelope addressed to:

ALEXANDRIA GODDARD
6674 Birchton Street
Dublin, Ohio 43017

and deposited said envelope into the UNITED STATES POSTAL SERVICE on the undersigned date for delivery, whereupon receipt of said Motion and docketing, Defendant will have been properly served in accordance with the Local Rules of Civil Procedure having subscribed to electronic service.

Dated this 5th day of July, 2018.

Respectfully Submitted,

Deric Lostutter
Plaintiff, Pro Se
4703 Pennoak Lane
Unit B
Greensboro, N.C. 27407
LostutterDWork@Gmail.com

1